```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
AMY M. PELINO,

                    Plaintiff,              08-CV-0324(C)

          v.                                 **DECISION
                                             and ORDER**
MICHAEL J. ASTRUE, Commissioner
of Social Security

                    Defendant
_____
```

## **INTRODUCTION**

Plaintiff Amy M. Pelino ("Plaintiff") brings this action pursuant to §205(g) of the Social Security Act ("The Act") seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits pursuant to Title II of the Act. The Plaintiff claims that the Commissioner erred in not finding her disabled within the meaning of the Act, the finding is not supported by substantial evidence in the record and should be reversed.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), on grounds that the Commissioner's decision was supported by substantial evidence and based upon the application of the correct legal standards. Plaintiff opposes the Commissioner's motion and cross-moves for judgment on the pleadings, on grounds that Commissioner's decision was erroneous and not supported by substantial evidence in the record. After reviewing the record, I grant plaintiff's cross-motion for judgment

on the pleadings, and remand this action to the Commissioner solely for calculation and payment of benefits.

**BACKGROUND**

Plaintiff Amy Pelino applied for disability insurance benefits on May 8, 2003 claiming that she had been disabled since April 16, 2003 due to panic disorder with agoraphobia. (Transcript of Administrative Record, hereinafter "Tr." (Tr. 63-67)). Plaintiff's applications were initially denied on November 6, 2003, and plaintiff thereafter requested a hearing before an Administrative Law Judge ("ALJ") on January 2, 2004. On May 4, 2006, Plaintiff and her counsel appeared at a hearing before ALJ William F. Clark. Thereafter, in a decision date September 25, 2006, the ALJ found that the Plaintiff was not disabled within the meaning of the Act. (Tr. 23-30).

Plaintiff timely appealed the ALJ's decision on October 3, 2006. (Tr. 17). The Appeals Council agreed to review Plaintiff's hearing decision, and her decision was modified on April 18, 2008 acknowledging that Plaintiff could not perform her past relevant work. (Tr. 5-12). However, the Commissioner found that given Plaintiff's residual functional capacity (RFC) as determined by the ALJ, she was not disabled within the meaning of the Act. Id. Following the denial of benefits by the Appeals Council, Plaintiff timely filed the instant action. Id.

## DISCUSSION

I. **Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts

are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## II. **Proof of Disability**

To establish disability under the Act, a claimant must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See 42 U.S.C. §423(d)(1)(A). The statute additionally requires that the claimant's impairment be

> of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§423(d)(2)(A)

In making a determination as to a plaintiff's disability, the Commissioner is required to apply the five-step process set forth in 20 C.F.R. §416.920. The Second Circuit has described the five-step process as follows:

> First, the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Secretary next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider him disabled without considering vocational factors such as age, education, and work experience . . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Secretary then determines whether there is other work which the claimant could perform.

See Bush v. Shalala, 94 F.3d 40, 44-45 (2d Cir. 1996) (citations omitted). The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the last step, and thus must demonstrate the existence of jobs in the economy that the claimant can perform. See, e.g., Kamerling v. Massanari, 295 F.3d 206, 210 (2d. Cir. 2002). When employing the five-step analysis, the Commissioner must consider four factors: "(1) the objective medical facts; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability testified to by the claimant or others; and (4) the claimant's educational background, age, and work experience." See Brown v. Apfel, 174 F.3d 59, 62 (2d Cir. 1999) (quoting Mongeur v. Heckler, 722 F.2d 1033, 1037 (2d Cir. 1983)).

Finally, the Commissioner must give special consideration to the findings of a claimant's treating physician. A treating physician's opinion is controlling if it is "well supported by medical findings and not inconsistent with other substantial record evidence." See Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000); see C.F.R. § 416.927(d)(2). The more consistent a treating physician's opinion is with other evidence in the record, the more weight it will be accorded. See § 416.927(d)(4).

Applying the required five-step framework to the Plaintiff, the ALJ found that (1) Plaintiff was not engaged in substantial gainful activity since April 16, 2003; (2) plaintiff has severe medical impairments: panic disorder with agoraphobia (20 C.F.R. 404.1520(c));(3) her impairments or combination of impairments did not meet one of the listed impairments;(4) plaintiff had the residual functional capacity to perform unskilled work that involved only occasional contact with the public and co-workers (Finding No. 5) and that the Plaintiff's past relevant work as a cosmetic salesperson and teacher's aid did not require the performance of work-related activities precluded by her residual functional capacity (Finding No. 6); and (5) she retained the residual functional capacity to perform jobs that exist in significant numbers in the national economy. The Appeals Council overturned the ALJ's Finding No. 6 but held that "the Commissioner's burden can be met through the testimony of the

vocational expert", and thereby the Appeals Council found the claimant not disabled. (Decision of the Appeals Council).

Plaintiff claims that the ALJ erred in finding that she was not entitled to benefits. Plaintiff argues that the ALJ's disability determination is contrary to substantial medical evidence in the record, including the medical assessments submitted by her treating physician, which was not given appropriate weight by the ALJ. Plaintiff also argues that the ALJ did not support his finding that Plaintiff lacks credibility. Lastly, Plaintiff argues that the ALJ's erred in concluding that the Plaintiff could perform substantial gainful employment as the ALJ did not permit the vocational expert's ("VE") to address particular jobs the Plaintiff could realistically perform.

### A.  **The ALJ Improperly Applied the Treating Physician Rule**

The ALJ erred in not giving controlling weight to the opinion of Plaintiff's treating physician, Dr. Weinstein that "Amy at this point is not able to work. She has attempted employment in the past and has not been able to continue with this. She has attempted to do things socially, which she has not been able to continue with. At this point, her ability to work is really compromised based upon...her continual illness, which continues to wax and wane." (Tr. 195). When treating physician's opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the

case record" it must be given controlling weight. <u>Shaw v. Chater</u>, 221 F.3d 126, 134 (2d Cir. 2000); 20 C.F.R. §416.1527(d). Because Dr. Weinstein's opinion was supported by the substantial, objective evidence contained in the record, I find that her opinion is to be given controlling weight, and along with the opinions of Dr. Hill and Dr. Burnett, and the objective evidence in the record, the Plaintiff is disabled under the meaning of the Act.

Plaintiff began her treatment with Dr. Weinstein for "panic attacks" in 1999. Plaintiff was considered disabled under the Act for the closed period extending from September 14, 1999 to December 12, 2002. During the closed period, Plaintiff underwent psychiatric treatment with Dr. Weinstein. Due to the success of medication and counseling under Dr. Weinstein, Plaintiff was able to control her anxiety disorder and returned to work October 16, 2001. In November 2002, Plaintiff reported that the positive effects of her current medications were wearing off. On April 16, 2003, Plaintiff left her job stating that "I couldn't go to work due to the anxiety and panic disorder." (Tr. 217). Between November 2002 and April 28, 2006, Dr. Weinstein adjusted Plaintiff's medications fourteen times all without significant success. (Tr. 113-14, 139-59, 188-191).

In June 2003, Dr. Weinstein evaluated Plaintiff using Plaintiff's own description of her physical or mental impairments, psychological test findings, and assessment of severity standards

as required by the Act for diagnosis of an anxiety-related disorder. See 20 C.F.R. 404.1508; 20 C.F.R. 404.1520a; 20 C.F.R. 404.1527. Both Dr. Weinstein and the examining physician Dr. Hill, assessed Plaintiff's speech, appearance, orientation, attention and concentration, ability to perform calculations (serial 7's), recent and remote memory, cognitive functioning, insight and judgment, and activities of daily living. (Tr. 114, 118-19). Both doctors also considered claimant's self-report and assessment and found them consistent with their evaluation. Id. The only difference in the medical doctors' assessment is Dr. Weinstein provided a more detailed and thorough analysis of the Plaintiff's history and medications as expected in a treating physician's report. (Tr. 113).

The ALJ and the Appeals Council must provide a reason for rejecting the opinion of a claimant's treating physician. 20 C.F.R. §404.1527(d)(2). In finding the Plaintiff not disabled, the ALJ did not give proper weight to Dr. Weinstein's medical opinion and ignored the substantial medical evidence in the record which supports Dr. Weinstein's medical opinion. (Tr. 30). The ALJ concluded that Dr. Weinstein's opinion was not supported by evidence in the record because Dr. Weinstein relied on the claimant's statements regarding her symptoms, never witnessed any of her panic attacks, and does not base her opinion on any objective findings. Id. Instead the ALJ gave great weight to

Dr. Hill's assessment of the Plaintiff even though Dr. Hill gave deference to Dr. Weinstein's treatment plan and diagnosis, relied on claimant's self-report, never witnessed an attack, and used the same standards relied upon by Dr. Weinstein to support his findings. (Tr. 116-20).

In his report, Dr. Hill found Plaintiff displayed anxiety in his examination, and that Plaintiff's anxiety interfered with her recent and remote memory skills. (Tr. 118). This supports Dr. Weinstein's assessment that Plaintiff's "understanding and memory is limited due to her prominent anxiety and depression." (Tr. 114). The Commissioner repeatedly states that Dr. Weinstein's medical opinion is inconsistent with her medical finding that Plaintiff's affect was bright. (Def. Br. Nov. 20, 2008 at 21-22). However, the Commissioner fails to acknowledge that while Dr. Hill also found the Plaintiff "pleasant and cooperative," "oriented," "pleasant generally," and "euthymic," in the same session Dr. Hill also found the Plaintiff to be anxious.

Dr. Hill also concluded that Plaintiff could only consistently perform some simple tasks, has trouble dealing with stress, has difficulty leaving the house at times, may need limited social interaction, may need to work only on a part-time basis. (Tr. 119) Dr. Hill's report further reinforces Dr. Weinstein's medical opinion that the Plaintiff is unable to work due to marked restrictions of activities of daily living, apprehension at having

to do something new, fear of driving, rarely being able leave her house, difficulty in maintaining social functioning, and the continuing wax and wane as well as unpredictability of Plaintiff's illness despite medical treatment. (Tr. 194-95).

I find the ALJ's decision to disregard Dr. Weinstein's opinion is erroneous. Dr. Weinstein's 2003 report, read together with Dr. Hill's 2003 report, was entitled to be given controlling weight by the ALJ. The record reveals that Dr. Weinstein's conclusion is supported by substantial evidence including Dr. Hill's report, as well as medically acceptable, clinical diagnostic techniques and was entitled to be given controlling weight. 20 C.F.R. 1527.

### B. The ALJ erred in finding Plaintiff's Testimony Not Credible

A finding that a claimant lacks credibility must be supported by substantial evidence. Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979); Poulton v. Astrue, 129 SSR 815, 2008 U.S. Dist. LEXIS 28015, 29 (WDNY 2008). The ALJ found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 29). However, the ALJ's finding that the Plaintiff's testimony is not credible is not supported by substantial evidence. Id.

The ALJ does not find Plaintiff's complaint to be credible that she cannot work due to her panic attacks with agoraphobia stating that the record shows that the Plaintiff's complaints are disproportionate with the evidence in the record. Id. Yet, the ALJ

found Plaintiff to have panic attacks requiring the use of further medication once a week. Id. Part A of the medical criteria for anxiety-related disorders listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 is met if the Plaintiff has "recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week." It is an inconsistent application of the Act for the ALJ to determine Plaintiff exaggerated the limiting effects of her disability when the Act finds these same effects as satisfying Part A of the required level of severity for anxiety-related disorders.

The ALJ further discredits Plaintiff by pointing to Plaintiff's attempts at socialization as proof that she can work around others. This directly conflicts with Dr. Weinstein's, Dr. Hill's, and non-examining physician Dr. Burnett's findings that Plaintiff has mild to marked difficulties in maintaining social functioning. (Tr. 114, 119, 131, 136). The ALJ relied on Plaintiff's testimony that she has attempted to take vacations and go out with close friends and family. However, the ALJ failed to give weight to Plaintiff's inability to go out alone. The ALJ also did not consider both the Plaintiff's and the Plaintiff's husband's testimony as well as Dr. Weinstein's report about the results of these attempts, which usually caused the Plaintiff to feel more depressed and overwhelmed with continual anxiety and panic,

necessitating an adjustment in her medication. (Tr. 194). Based upon the foregoing, the ALJ erred in rejecting Plaintiff's testimony and failed to impart the requisite significance and weight to her testimony regarding her symptoms and their effect on her daily life.

### C. <u>**The Plaintiff is Disabled within the meaning of the Social Security Act**</u>

The ALJ found that Plaintiff met the requirements in steps one and two of the 5-step framework. At step three the Commissioner found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments of 20 C.F.R. Part 404. Given the substantial evidence provided by Plaintiff's treating physician, the examining physician, plaintiff's testimony, and plaintiff's husband's testimony, I find the Plaintiff to have an anxiety-related disorder as listed in 20 C.F.R. Part 404.

Plaintiff meets the burden of Part A with medically documented evidence of "recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week." 20 C.F.R. Part 404, Subpart P, Appendix 1. Plaintiff has panic attacks requiring the use of a further medication at least once a week and panics on average three times a day even in the security of her home. (Tr. 29, 148, 231, 242, 245).

For the B criteria there are four areas of function: (1) Marked restriction of activities of daily living; or (2) Marked difficulties in maintaining social functioning; or (3) Marked difficulties in maintaining concentration, persistence, or pace; or (4) Repeated episodes of decompensation, each of extended duration. Id. Plaintiff must meet two of the B criteria to be considered disabled under the Act. Dr. Weinstein's 2006 report found Plaintiff had marked restrictions of activities of daily living and marked difficulties maintaining social functioning. (Tr. 194-95).

### 1. **Plaintiff has Marked Restrictions of Activities of Daily Living**

Dr. Weinstein found that Plaintiff has marked restriction of activities of daily living even though she is under psychiatric care. Plaintiff is unable to leave her house most days, unable to get out of bed at times, frequently cries (including during the hearing) and has daily feelings of panic . (Tr. 119, 194-95, 231, 235, 247-48). Plaintiff is unable to learn to drive due to a phobia. Her husband testified that when Plaintiff attempts to drive, she has a panic attack and grabs the steering wheel causing her knuckles to turn white. (Tr. 266). Plaintiff's husband further explained that Plaintiff has panic attacks even when he is home, she shuts down and is not able to do anything. (Tr. 262-66). Some days she is even unable to leave her bed. Id. The result of this illness is that Plaintiff is unable to transport her children to friend's houses or school, events at school, enjoy family vacations

consistently complete household tasks such as washing dishes, folding clothes, or cooking meals. (Tr. 149, 219-221, 254-255). Plaintiff is unable to leave the house to have her hair done, so her sister comes to Plaintiff's house to cut Plaintiff's hair. (Tr. 229). Given the substantial evidence in the record, Plaintiff meets the standard of having marked restriction of activities of daily living.

### 2. **Plaintiff has Marked Difficulties in Maintaining Social Functioning**

Dr. Weinstein found that Plaintiff, even with psychiatric care, has marked difficulties in maintaining social functioning. Plaintiff has attempted to resume social activity on multiple occasions, but these attempts generally end in Plaintiff having a panic attack, leaving the event, and requiring an increase or adjustment in medication. (Tr. 150, 156, 158, 194). Furthermore, Plaintiff is not able to participate in social activities without the accompaniment of a family member. (Tr. 261) She is unable to go to the psychiatrist, grocery store or bank without a family member. (Tr. 155, 228). She receives her prescriptions through the mail. (Tr. 141). She has stopped all hobbies, and activities other than watching TV. (229-30). She cannot read or watch the news without panicking. (Tr. 221). Her social interaction is limited to family and close friends mostly at her home or over the phone. (Tr. 230, 236). Given the substantial evidence that plaintiff's illness seriously interferes with her ability to independently initiate,

sustain, or complete social functions, Plaintiff meets the standard of having marked difficulties in maintaining social functioning.

## **CONCLUSION**

Based on the substantial evidence contained in the record including Dr. Weinstein's medical opinion, Dr. Hill's findings, Plaintiff's testimony, and Plaintiff's husband's testimony, I find that Plaintiff meets the necessary criteria of having an anxiety related disorder. Therefore, Plaintiff is disabled within the meaning of the Act. I further find that the ALJ erred in failing to give controlling weight to the claimant's treating physicians' opinions as to the extent of her limitations and the effects of her illness which was supported by objective medical evidence in the record. Accordingly the defendant's motion for judgment on the pleadings is denied and the Plaintiff's cross-motion for judgment on the pleadings is granted. The ALJ's determination that the Plaintiff is not disabled is reversed, and the case is remanded to the Commissioner for calculation and payment of benefits in accordance with this decision.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         January 22, 2010