UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
AMY M. PELINO,

      Plaintiff,      08-CV-0324

  v.

MICHAEL J. ASTRUE,       **ORDER**
Commissioner of Social Security,

      Defendant.
_____

## <u>INTRODUCTION</u>

Plaintiff, Amy M. Pelino ("Plaintiff") initially brought this action against the Commissioner of Social Security ("Commissioner") which denied her application for disability insurance benefits.  In a Decision and Order dated January 22, 2010, this Court reversed the decision of the Administrative Law Judge ("ALJ") and remanded the case to the Commissioner for the calculation and payment of benefits.  <u>See</u>  January 22, 2010 Decision and Order [Docket No. 24].

Plaintiff's attorney, Josephine A. Greco, Esq. ("Greco") now seeks an award of $10,440.00 in attorney's fees and $350.00 in disbursements for services rendered to plaintiff in her application for disability benefits pursuant to the Equal Access to Justice Act ("EAJA"), codified at 28 U.S.C. §2412(d)(1)(A).  The Commissioner opposes the EAJA application, and reserves the right to oppose any further application for fees made pursuant the SSA, should one be submitted.

For the reasons set forth below, the Court denies Greco's application under the EAJA for attorney's fees on the basis that it is untimely, and further denies the alternative application for fees pursuant to 42 U.S.C. § 406(b) on the basis that her application is not properly supported.

**DISCUSSION**

**A.** **Equal Access to Justice Act**

The Equal Access to Justice Act provides in relevant part that:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection . . . .

28 U.S.C. §2412(d)(1)(B). An EAJA application must be filed within 30 days after the time for appeal has ended. See 28 U.S.C. §2412(d)(2)(G); Shalala v. Schaefer, 509 U.S. 292, 302 (1993). "[T]he time for appeal does not end until 60 days after 'entry of judgment . . .'" Shalala at 302 (quoting Federal Rules of Appellate Procedure 4(a)(1)(7)).

In the instant case, the Court's Order and Judgment was entered on January 27, 2010. The time for appeal from the Court's Judgment expired on March 28, 2010. Plaintiff's attorney Greco was required to file her EAJA application for fees and costs, no later than April 28, 2010. However, she did not file her application for attorney's fees and disbursements until May 5, 2010. Accordingly,

the instant application for fees pursuant to EAJA is clearly untimely and is denied.

Moreover, nothing in the record will permit the Court to extend or apply an equitable toll to the instant application. See Torres v. Bowen, 417 F.3d 276 (2d Cir. 2005) (Doctrine of equitable tolling permits courts to deem filings timely where the litigant can show that she has been pursuing her rights diligently and that some extraordinary circumstance stood in her way). Greco has not submitted any explanation for the tardiness of her application nor has she provided the Court with any basis for applying equitable tolling. Accordingly, Greco's EAJA application for fees is denied with prejudice.

**B.    Application for fees pursuant to 42 U.S.C. § 406(b)**

Alternatively, Greco requests that the Court determine that she is entitled to attorney's fees and disbursements pursuant to the SSA, 42 U.S.C. §406(b). The basis for this request is that Greco and Plaintiff entered into a contingency fee agreement which provides that Greco would receive 25 percent of any recovery of past-due benefits resulting from a favorable judgment against the Commissioner. This request for attorney's fees and costs must also be denied, however, because Greco has not properly supported her request.

42 U.S.C. § 406(b) provides in relevant part that in cases where a plaintiff has received a favorable judgment, the court may award a reasonable fee to the plaintiff's attorney, provided that

the fee does not exceed 25 percent of the total past-due benefits awarded to the plaintiff. "Courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness." Joslyn v. Barnhart, 389 F.Supp.2d 454, 456 (W.D.N.Y., 2005)(Larimer, J.)(citing Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002)). A contingent-fee agreement is not *per se* reasonable. Id. (emphasis in original). Courts must "balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases." Joslyn at 456 (citing Gisbrecht, 535 U.S. at 805. Finally, a court reviewing a fee application pursuant to the SSA must ensure that the requested fee is not so out of proportion to the time spent by counsel on the matter that the award would result in a windfall for the attorney. Id.

This Court is not in a position to make an informed determination regarding a fee award under SSA §406(b) because the instant application is devoid of required supporting information. For example, the application does not provide a notice of award containing the amount of past-due benefits awarded to Plaintiff, it does not state the specific amount of attorney's fees requested from the past-due award, and/or what percentage the $10,000 amount requested herein represents of the past-due award amount; it does not detail the time spent at the various levels of the proceeding,

other than to provide generalized billing invoices; nor does it contain a copy of the fee agreement with her client. Further, the application does not state with specificity why Greco requests an hourly rate in excess of that set forth in the relevant statutes.

Moreover, other than to indicate that Plaintiff and Greco entered into a contingency fee arrangement (which was not provided to the Court), there is nothing in this record that allows the Court to assess whether that fee agreement is reasonable, and/or whether an award of the amount requested would not result in a windfall for Plaintiff's attorney. Accordingly, Greco's alternative application for fees pursuant to 42 U.S.C. §406(b) must be denied without prejudice.

### CONCLUSION:

For the reasons set forth above, Greco's request for attorney's fees and disbursements pursuant to the EAJA is denied with prejudice. Greco's alternative request for attorney's fees and disbursements pursuant to 42 U.S.C. § 406(b) is denied without prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

DATED:    Rochester, New York
          August 25, 2010